**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| SETH DAVIS and AILIA WILLIAMS, Individually and For Others Similarly Situated,<br><br>v.<br><br>BOBBIE JESSIE, LLC d/b/a JES TECH. | Case No. 4:26-cv-7963<br><br>JURY TRIAL DEMANDED<br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

# FIRST AMENDED COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Plaintiffs Seth Davis ("Davis") and Ailia Williams ("Williams") bring this collective action to recover unpaid overtime wages and other damages from Bobbie Jessie, LLC d/b/a JES Tech ("JES Tech").

2. JES Tech employed Davis as one of its Paramedics (defined below) in Houston, Texas.

3. JES Tech paid Davis and its other Paramedics on an hourly basis.

4. Like the other Paramedics, Davis regularly worked more than 40 hours a week.

5. But JES Tech did not pay Davis and its other Paramedics for all their hours worked.

6. First, when Davis and the other Paramedics recorded hours over 40 in a workweek, JES Tech paid those overtime hours at straight time rather than at one and one-half times their regular rates ("straight time for overtime").

7. Second, JES Tech instructed Davis and its other Paramedics to record an unpaid 30-minute "meal break" on their timesheets each shift, regardless of whether they actually received a bona fide meal break (JES Tech's "meal break policy").

8. But Davis and the other Paramedics did not actually receive bona fide meal breaks. They remained on duty, monitored radio traffic, and stayed ready to respond to medical emergencies throughout their shifts, including during their so-called "meal breaks."

9. Thus, JES Tech did not pay Davis and the other Paramedics for that time.

10. JES Tech also employed Williams as one of its Nurses (defined below) in Houston, Texas.

11. JES Tech paid Williams and its other Nurses on an hourly basis.

12. JES Tech scheduled Williams and the other Nurses to nine-hour shifts on a rotating schedule that regularly required more than 40 hours of work in a workweek.

13. But JES Tech capped the Nurses' timesheets at 40 hours. JES Tech rejected any timesheet entry over 40 hours as "unapproved" overtime and told the Nurses to "flex," meaning leave early to avoid, the time over 40 (JES Tech's "Overtime Approval Policy").

14. Because JES Tech required continuous clinic coverage, the Nurses could not leave early. They worked their full shifts, recorded only 40 hours, and were not paid for the post-shift hours they actually worked ("post-shift off-the-clock work").

15. JES Tech's straight time for overtime practice and its meal break policy each violate the Fair Labor Standards Act ("FLSA") by depriving Davis and the other Paramedics of overtime wages for all overtime hours worked. JES Tech's Overtime Approval Policy violates the FLSA by depriving Williams and the other Nurses of overtime wages for their post-shift off-the-clock work.

16. The FLSA claims are brought as a collective action pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action involves a federal question under the FLSA.

18. This Court has personal jurisdiction over JES Tech because JES Tech is headquartered in this District and is subject to the Court's personal jurisdiction.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division. JES

Tech is headquartered in Houston, Texas, and Davis, Williams, the other Paramedics, and the other Nurses worked for JES Tech in Houston, Texas.

## The Parties

20. Seth Davis worked for JES Tech as a Paramedic at NASA's Johnson Space Center and Ellington Airfield in Houston, Texas from approximately April 2023 until October 15, 2026.

21. Throughout his employment, JES Tech classified Davis as non-exempt and paid him on an hourly basis.

22. Throughout his employment, JES Tech paid Davis straight time for overtime hours he recorded over 40 in a workweek, and instructed him to record an unpaid 30-minute "meal break" each shift regardless of whether he received one.

23. Davis's consent to be a party plaintiff has been filed with the Court. Doc. 9.

24. Davis brings this action on behalf of himself and all similarly situated JES Tech paramedics who were subjected to the same pay practices. JES Tech failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

25. The FLSA Collective of similarly situated workers consists of:

> **All hourly paramedics employed by JES Tech at any time during the past three (3) years (the "Paramedics").**

26. The identities of the Paramedics can be readily ascertained from JES Tech's records.

27. Ailia Williams worked for JES Tech as a Registered Nurse in the clinic at NASA's Johnson Space Center in Houston, Texas from approximately June 10, 2024 until August 2026.

28. Throughout her employment, JES Tech classified Williams as non-exempt and paid her on an hourly basis.

29. Throughout her employment, JES Tech capped Williams's timesheets at 40 hours per workweek and did not pay her for the post-shift hours she worked beyond the cap.

30. Williams's consent to be a party plaintiff has been filed with the Court. Doc. 9.

31. Williams brings this action on behalf of herself and all similarly situated JES Tech nurses who were subjected to the same Overtime Approval Policy. JES Tech failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

32. The FLSA Collective of similarly situated nurses consists of:

**All hourly nurses employed by Bobbie Jessie, LLC d/b/a JES Tech at any time during the past three (3) years (the "Nurses").**

33. The identities of the Nurses can be readily ascertained from JES Tech's records.

34. "JES Tech" is the assumed name under which Bobbie Jessie, LLC does business. Bobbie Jessie, LLC is a Texas limited liability company, headquartered at 16870 Royal Crest Drive, Houston, Texas 77058, and is the entity named as the employer on Davis's and Williams's pay stubs.

35. Bobbie Jessie, LLC d/b/a JES Tech has appeared in this matter and may be served by the Court's CM/ECF system.

## COVERAGE UNDER THE FLSA

36. Plaintiffs incorporate all preceding paragraphs.

37. At all times hereinafter mentioned, JES Tech was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

38. At all times hereinafter mentioned, JES Tech was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

39. At all relevant times, JES Tech has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials — such as ambulances, medical equipment and supplies, radios, computers, and testing equipment — that have been moved in or produced for commerce.

40. At all relevant times, JES Tech's annual gross volume of sales made or business done

has exceeded $500,000, including through its contracts supporting federal government operations.

41. At all relevant times, Davis, Williams, the Paramedics, and the Nurses were JES Tech's employees within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

42. At all relevant times, Davis, Williams, the Paramedics, and the Nurses were engaged in commerce or in the production of goods for commerce.

43. JES Tech uniformly applied its straight time for overtime practice and its meal break policy to the Paramedics, including Davis.

44. JES Tech applied these practices regardless of any alleged individualized factors such as duty station, shift, or seniority.

45. JES Tech uniformly applied its Overtime Approval Policy to the Nurses, including Williams, regardless of any alleged individualized factors such as assignment, shift rotation, or seniority.

46. JES Tech's compensation scheme — paying straight time for overtime, requiring the Paramedics to record unpaid "meal breaks" they did not receive, and capping the Nurses' timesheets at 40 hours regardless of the hours they worked — violates the FLSA. 29 U.S.C. § 207(a) & (e).

47. As a result of these practices, Davis, Williams, the Paramedics, and the Nurses did not and do not receive overtime payment as required by the FLSA.

48. The proposed collectives of similarly situated employees, i.e., putative collective members sought to receive FLSA notice pursuant to 29 U.S.C. § 216(b), are defined herein.

49. The precise size and identity of the proposed collectives should be ascertainable from the business records, tax records, and/or employee or personnel records of JES Tech.

## ADDITIONAL FACTS

50. JES Tech is a Houston-based government services contractor that provides medical, laboratory, and occupational health services in support of NASA's Human Health and Performance

Contract at Johnson Space Center.

51. To meet its business objectives, JES Tech hires paramedics, like Davis, to respond to medical emergencies, monitor radio traffic, maintain ambulance readiness, and conduct occupational hearing and physical testing at Johnson Space Center and Ellington Airfield. JES Tech also hires nurses, like Williams, to staff its clinic at Johnson Space Center, where they room patients, take vitals, perform patient intake, conduct flight physicals, and assist with occupational health services.

52. Davis worked for JES Tech as a Paramedic from approximately April 2023 until October 15, 2026.

53. JES Tech classifies Davis and the other Paramedics as non-exempt and pays them on an hourly basis. JES Tech most recently paid Davis $31.12 per hour.

54. JES Tech requires Davis and the other Paramedics to record their hours worked in JES Tech's Costpoint timekeeping system.

55. Thus, JES Tech's records reflect the hours Davis and the other Paramedics recorded each workweek.

56. Davis and the other Paramedics regularly worked more than 40 hours in a workweek.

**STRAIGHT TIME FOR OVERTIME**

57. When Davis recorded hours over 40 in a workweek in Costpoint, JES Tech paid those hours at his straight-time hourly rate, not at one and one-half times his regular rate.

58. JES Tech's own payroll records confirm that overtime hours were entered and paid as "regular" time at the straight-time rate.

**THE MEAL BREAK POLICY**

59. JES Tech schedules its Paramedics, including Davis, to shifts that include a 30-minute unpaid "meal break."

60. JES Tech instructs its Paramedics to record their time as including that unpaid 30-

minute "meal break" each shift, regardless of whether they actually received a bona fide meal break.

61. But Davis and the other Paramedics do not actually receive bona fide meal breaks.

62. Throughout their shifts, including during their so-called "meal breaks," Davis and the other Paramedics remain in service and on duty: they must monitor the radio, remain in response-ready areas on site, maintain ambulance readiness, and respond immediately to medical emergencies. They cannot leave the jobsite or disengage from duty.

63. On April 2026, Davis complained JES Tech's failure to pay overtime for the hours worked during his meal breaks.

64. JES Tech's meal break policy required Davis and the other Paramedics to underreport their compensable working time by 30 minutes per shift.

65. The time Davis and the other Paramedics spent on duty during their unpaid "meal breaks" is compensable under the FLSA because JES Tech knew, or should have known: (1) they were performing work and remained on duty during their "meal breaks"; (2) they were interrupted or subject to interruption by emergency response duties during any attempted meal period; (3) they were not completely relieved of all duties during their "meal breaks"; (4) they were not free to leave the premises or engage in personal activities; and (5) they spent their unpaid meal periods predominantly for JES Tech's benefit.

66. Because Davis and the other Paramedics remained on duty during their recorded "meal breaks," the excluded 30 minutes per shift were hours worked, and those hours pushed their actual working time over 40 hours in their workweeks.

67. Davis repeatedly raised JES Tech's meal break practice with JES Tech management by text and email.

68. Thus, JES Tech requested, suffered, permitted, or allowed Davis and the other Paramedics to work during their unpaid "meal breaks."

69. Despite accepting the benefits of that work, JES Tech does not pay Davis and the other Paramedics for the compensable work they perform during their recorded "meal breaks."

## THE OVERTIME APPROVAL POLICY

70. Williams worked for JES Tech as a Registered Nurse from approximately June 10, 2024 until August 2026.

71. JES Tech classified Williams and the other Nurses as non-exempt and paid them on an hourly basis. JES Tech most recently paid Williams $46.00 per hour.

72. JES Tech requires the Nurses to record their hours worked on a weekly timesheet in its electronic timekeeping system, which JES Tech management reviews and approves, rejects, or requires to be changed each week.

73. JES Tech requires continuous coverage of its clinic. To provide that coverage, JES Tech schedules the Nurses to work from 7:30 a.m. to 4:30 p.m. on a rotating schedule.

74. For example, Williams worked a nine-hour rotating shift on Monday through Friday one week, and Monday through Thursday the following week.

75. JES Tech nevertheless will not pay the Nurses for more than 40 hours in a workweek. JES Tech rejects any timesheet entry over 40 hours as "unapproved" overtime.

76. JES Tech has an Overtime Approval Policy and instructs the Nurses that they must "flex" their time, and record that they left early on their timesheets, so that their timesheets do not exceed 40 hours.

77. But Nurses cannot enjoy "flex" time when JES Tech's clinic must remain covered, and when patients are present the Nurses cannot leave early. The Nurses work their full scheduled shifts.

78. As a result, on the Friday of each five-day week, the Nurses work a full shift, but may only record 40 hours worked in a workweek.

79. For example, Williams recorded four nine-hour workdays, and recorded 7:30 a.m. to

noon for those Fridays, despite working until 4:30 p.m.

80. JES Tech's Overtime Approval Policy thus required Williams and the other Nurses to underreport their compensable working time every five-day week.

81. The post-shift time Williams and the other Nurses worked beyond the cap is compensable under the FLSA because JES Tech scheduled the shifts, required the coverage, received the benefit of the work, and knew, or should have known, that the Nurses were working the full shifts it scheduled.

82. JES Tech knew the Nurses worked more than 40 hours in those weeks. JES Tech set the nine-hour schedule, required continuous clinic coverage, received the Nurses' timesheets, and rejected the entries over 40.

83. Thus, JES Tech requested, suffered, permitted, or allowed Williams and the other Nurses to work after their recorded time without pay.

84. Despite accepting the benefits of that work, JES Tech did not pay Williams and the other Nurses for the post-shift off-the-clock work they performed.

85. JES Tech has admitted the practice.

86. In October 2026, after this lawsuit was filed, JES Tech's Human Resources Director sent Williams a "Timecard Review and Wage Payment" letter that credited her "an additional 30 minutes before noon and 30 minutes after noon" — one additional hour — "[f]or each full Friday worked during the review period," and offered her an additional payment in exchange for a release of her wage claims and a waiver of her right to participate in this collective action.

87. Other Nurses are subjected to the same mandatory nine-hour rotating schedule, the same instruction to "flex" time that cannot be flexed, and the same 40-hour Overtime Approval Policy.

88. Other Paramedics in Davis's unit are subjected to the same straight time for overtime

pay policy, the same instruction to record unpaid "meal breaks" regardless of whether they receive them, and the same on-duty response obligations during those breaks.

89. While their precise schedules and duty stations may differ, JES Tech subjects the Paramedics to the same or similar illegal pay practices for similar work, and subjects the Nurses to the same illegal pay practice for similar work.

90. JES Tech knew Davis and the other Paramedics worked more than 40 hours in a week. JES Tech received their Costpoint entries, scheduled their shifts, and directed how their time would be recorded.

91. JES Tech knew, or showed reckless disregard for whether, Davis, Williams, the other Paramedics, and the other Nurses were entitled to overtime under the FLSA.

92. JES Tech's decision to pay straight time for overtime, to require its Paramedics to record unpaid "meal breaks" they did not receive, and to cap its Nurses' timesheets at 40 hours regardless of the hours they worked was and is a willful violation of the FLSA and was not undertaken in good faith.

93. Accordingly, JES Tech's pay policies and practices violated (and continue to violate) the FLSA.

## CAUSE OF ACTION ONE
## FLSA VIOLATIONS — STRAIGHT TIME FOR OVERTIME

94. Plaintiffs incorporate the preceding paragraphs by reference.

95. At all relevant times, Davis, Williams, the Paramedics, and the Nurses are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

96. JES Tech violated Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without

compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times their regular rates.

97. JES Tech knowingly, willfully, and in reckless disregard carried out its illegal pattern of paying Davis and other similarly situated employees straight time for overtime. 29 U.S.C. § 255(a).

98. Because JES Tech knew, or showed reckless disregard for whether, its pay practices violated the FLSA, JES Tech owes these wages for at least the past three years.

99. The decision and practice by JES Tech to pay straight time for overtime was neither reasonable nor in good faith.

100. Accordingly, Davis and the Paramedics are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees, and costs.

**CAUSE OF ACTION TWO**
**FLSA VIOLATIONS — UNPAID ON-DUTY MEAL BREAKS**

101. Plaintiffs incorporate the preceding paragraphs by reference.

102. JES Tech violated Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by requiring Davis and the Paramedics to record an unpaid 30-minute "meal break" each shift regardless of whether they received a bona fide meal break, and by failing to compensate them — including at overtime rates — for the on-duty meal period time they worked.

103. The unpaid meal period time was compensable working time because Davis and the Paramedics were not completely relieved of duty and their time was spent predominantly for JES Tech's benefit.

104. Including their on-duty meal period time, Davis and the Paramedics worked more than 40 hours in their workweeks, and JES Tech failed to pay them overtime for those hours.

105. JES Tech's meal break policy was a knowing, willful violation of the FLSA carried out in reckless disregard of its requirements, including after Davis asked JES Tech in writing whether his

on-duty meal periods should be recorded as hours worked. 29 U.S.C. § 255(a).

106. The decision and practice by JES Tech to exclude on-duty meal periods from its Paramedics' recorded hours was neither reasonable nor in good faith.

107. Accordingly, Davis and the Paramedics are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek, including their on-duty meal period time, plus liquidated damages, attorneys' fees, and costs.

**CAUSE OF ACTION THREE**
**FLSA VIOLATIONS — UNPAID POST-SHIFT OFF-THE-CLOCK WORK**

108. Plaintiffs incorporate the preceding paragraphs by reference.

109. JES Tech violated Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by scheduling Williams and the Nurses to work more than 40 hours in a workweek, capping their recorded time at 40 hours, and failing to compensate them — at overtime rates — for the post-shift time they worked beyond the cap.

110. The post-shift time was compensable working time because Williams and the Nurses performed their regular clinic duties during that time, JES Tech required the coverage, and JES Tech knew or should have known the work was being performed.

111. Including their post-shift time, Williams and the Nurses worked more than 40 hours in their five-day workweeks, and JES Tech failed to pay them overtime for those hours.

112. JES Tech's Overtime Approval Policy was a knowing, willful violation of the FLSA carried out in reckless disregard of its requirements. JES Tech set the nine-hour schedule, rejected timesheet entries over 40 hours, and instructed the Nurses to "flex" time it knew they could not flex. 29 U.S.C. § 255(a).

113. The decision and practice by JES Tech to cap its Nurses' recorded hours at 40 regardless of the hours they worked was neither reasonable nor in good faith.

114. Accordingly, Williams and the Nurses are entitled to overtime wages for all hours

worked in excess of forty (40) in a workweek, including their post-shift off-the-clock time, plus liquidated damages, attorneys' fees, and costs.

## FLSA Collective Action Allegations

115. All previous paragraphs are incorporated as though fully set forth herein.

116. Pursuant to 29 U.S.C. § 216(b), these collective claims are made on behalf of all those who are (or were) similarly situated to Davis and to Williams.

117. Other similarly situated employees have been victimized by JES Tech's patterns, practices, and policies, which are in willful violation of the FLSA.

118. The parameters of the Paramedics collective and the Nurses collective are defined herein.

119. JES Tech's failure to pay overtime compensation results from generally applicable policies and practices, including its straight time for overtime practice, its meal break policy, and its overtime approval policy, and does not depend on the personal circumstances of the individual Paramedics or Nurses.

120. Thus, Davis's experiences are typical of the experiences of the Paramedics, and Williams's experiences are typical of the experiences of the Nurses.

121. The Paramedics all perform the same or similar emergency medical duties, at the same facilities, under the same policies.

122. The Nurses all perform the same or similar clinic nursing duties, at the same facility, under the same schedule and the same overtime approval policy.

123. All of the Paramedics and all of the Nurses, regardless of their precise schedules, duty stations, or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

124. Although the issues of damages may be individual in character, there is no detraction

from the common nucleus of liability facts.

125. Indeed, the Paramedics and the Nurses are non-exempt employees entitled to overtime after forty (40) hours in a week.

126. Absent a collective action, many members of the proposed FLSA collectives likely will not obtain redress of their injuries and JES Tech will retain the proceeds of its violations.

127. Moreover, individual litigation would be unduly burdensome to the judicial system.

128. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the collective and provide for judicial consistency.

129. Accordingly, notice should be promptly sent to the Paramedics and the Nurses.

## JURY DEMAND

130. Plaintiffs demand a trial by jury.

## RELIEF SOUGHT

131. WHEREFORE, Plaintiffs pray for judgment against JES Tech as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA collectives as defined herein and requiring JES Tech to provide the names, addresses, email addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential FLSA Paramedics and Nurses advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Davis and Williams (and those FLSA Paramedics and Nurses who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding JES Tech liable for unpaid back wages due to Davis and Williams (and those FLSA Paramedics and Nurses who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Davis and Williams (and those FLSA Paramedics and Nurses who have joined in the suit);

e. For an Order awarding the costs and expenses of this action;

f. For an Order awarding attorneys' fees;

g. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h. For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 2, 2026.

Respectfully submitted,

*<u>/s/ Carl A. Fitz</u>*
Carl A. Fitz
Tex. Bar No. 24105863
**FITZ LAW PLLC**
3730 Kirby Drive, Ste. 1200
Houston, Texas 77098
(713) 766-4000
carl@fitz.legal

**ATTORNEY FOR PLAINTIFFS**